Alton T. WEBSTER, Petitioner,

v.

DEPARTMENT OF the ARMY, Respondent.

No. 89–3369.

United States Court of Appeals, Federal Circuit.

Feb. 22, 1991.

Alton T. Webster, Fayetteville, N.C., submitted pro se. Philip W. Barton, Barton and Lee, Fayetteville, N.C., filed a Petition for Rehearing or Suggestion for Rehearing In Banc, for petitioner.

Randall J. Bramer, Dept. of Justice, Washington, D.C., submitted, for respondent. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Mary Mitchelson, Asst. Director and Hillary A. Stern, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the respondent's brief in response to petitioner Webster's Petition for Rehearing or Suggestion for Rehearing In Banc.

### ORDER

A suggestion for rehearing in banc having been filed in this case and a response thereto having been invited by the court and filed,

UPON CONSIDERATION THEREOF, it is

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, declined.

Chief Judge NIES dissents.

NIES, Chief Judge, dissenting from the order declining the suggestion for rehearing in banc.

I would rehear this appeal in banc solely on the issue of reprisal in the federal government workplace. This is an issue on which the Supreme Court has not spoken.

Congress has declared that reprisal is a defense to an adverse action taken by an agency against a government worker. 5 U.S.C. § 7701(c)(2).[1] This defense has recently been expanded to include whistleblower cases (5 U.S.C. § 2302(b)(8) and (9) (1988) as amended by Pub.L. No. 101–12, § 4, 103 Stat. 32 (1989)), over which this court has *exclusive* jurisdiction. The majority opinion in this appeal, which this court now has allowed to stand by denying in banc consideration, effectively eviscerates the defense of reprisal provided in the statute.

The majority holds that, if an "imaginary supervisor," not knowing of the employee's protected conduct, would have taken the adverse action based on the employee's misconduct, the employee failed to make a *prima facie* case of reprisal. The majority's "imaginary supervisor" test has two effects. First, it makes reprisal available as a defense only when there is no misconduct warranting the discipline. In that circumstance the government would lose the case whether or not there were a defense of reprisal. It cannot have been the perverse intent of Congress to provide special protection for employees who do not need it.

Secondly, by making this "imaginary supervisor" test part of the employee's *"prima facie"* case of reprisal, the majority does not ever reach the actual issue of whether the employee's supervisor acted in reprisal. Even the government, in its response to the petition for in banc, recognizes that the motive of a real, not imaginary, supervisor determines reprisal. The government's brief states:

> The burden upon the agency, once a *prima facie* defense of reprisal is established, is *not* concerned with an imaginary person. Rather, the agency must demonstrate that the real person who actually made the decision to take adverse action against the employee would have made this decision he or she did even in the absence of the protected conduct. [Emphasis in original.]

Contrary to the majority's view, the issue of reprisal has been fully litigated in this case. A decision on the merits is required, not a decision on whether Webster made a *prima facie* case. Indeed, given the order and burdens of proof required under the Civil Service Reform Act, a decision on the ultimate merits will generally be required. This is because the government in an action before the Merit Systems Protection Board proceeds first and bears the burden of proving the misconduct which it says led to taking an adverse action against the employee. *See supra,* n. 1. The employee may then counter with proof that the charges of misconduct are without merit, or with proof of reprisal for having engaged in protected conduct, or both.[2] The government may or may not provide rebuttal. Having been litigated here, the only

---

1. In pertinent part, section 7701(c) states:
   (1) Subject to paragraph (2) of this subsection, *the decision of the agency [in an adverse action]* shall be sustained ... only if the agency's decision—
   (A) in the case of an action based on unacceptable performance described in section 4303 of this title, is supported by substantial evidence, or
   (B) in any other case, is supported by a preponderance of the evidence.

(2) Notwithstanding paragraph (1), the agency's decision may not be sustained ... if the employee ...
   \*   \*   \*   \*   \*   \*
   (B) shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title ...
5 U.S.C. § 7701(c)(1), (2) (1988).

2. These are, of course, not the only available defenses.

question on the reprisal defense is whether it was proved, not whether the employee made a *prima facie* case. By holding Webster failed the "imaginary supervisor" test which, per the majority, is necessary to a *prima facie* case, the majority evades the ultimate question of whether Webster's actual supervisor acted out of reprisal. *See United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1480–81, 75 L.Ed.2d 403 (1983) (By framing the issue in terms of whether the employee made out a *prima facie* case, court "evaded the ultimate question of discrimination *vel non*."). In my dissent as a member of the panel, I too focused on whether Webster had made a *prima facie* case. Upon further consideration, I believe I responded to a nonissue and would modify my dissent to address the ultimate standard, not the *prima facie* case standard.

With respect to disposition of this appeal, I would continue to remand. No factual determination has been made in this case on the question of whether Webster's supervisor—a real person—acted to remove Webster because of Webster's protected union activities rather than because of Webster's misconduct.